NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK NA, | CIVIL ACTION NO. 18-9066 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| AIVE CARR, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1.  In a state foreclosure action that was commenced by Wells Fargo Bank NA in November 2016 (hereinafter, "the State Foreclosure Action"), the New Jersey Superior Court entered a judgment of foreclosure (hereinafter, "the State Foreclosure Judgment") in 2017 against Aive Carr and Donovan Carr, who are both New Jersey citizens. *See Wells Fargo Bank NA v. Carr*, No. F-29851-16 (N.J. Super. Ct. Essex Cty). In addition, the State Court issued orders in the State Foreclosure Action on April 10, 2018 (hereinafter, "the April 2018 State Order") and on May 10, 2018 (hereinafter, "the May 2018 State Order") denying the motions by Aive Carr and Donovan Carr to stay their eviction from the property that is being foreclosed upon. *Id.*

2.  Aive Carr, who is proceeding *pro se*: (a) removes the State Foreclosure Action to this Court (ECF No. 1); (b) seeks the entry of an order to "vacate foreclosure"

and "stay sale [and] stay eviction" (ECF No. 1-2); and (c) applies for *in forma pauperis* relief pursuant to 28 U.S.C. § 1915 to proceed in this Court without prepaying fees or costs (ECF No. 1-1). Based upon the affidavit submitted by Aive Carr concerning her financial situation (ECF No. 1-1 at 1–5), this Court grants the application for *in forma pauperis* relief.

3. Because the application for *in forma pauperis* relief is granted, this Court is required to immediately: (a) review the papers filed by Aive Carr; and (b) order a remand of the State Foreclosure Action *sua sponte* if the basis for removal asserted by Aive Carr is frivolous, malicious, or fails to set forth a proper basis for this Court's subject-matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c); *see also State of New Jersey v. Aristeo*, No. 14-7911, 2014 WL 7404539, at * 1–2 (D.N.J. Dec. 30, 2014) (granting the *in forma pauperis* application of the *pro se* removing defendant, and *sua sponte* remanding the action for lack of subject-matter jurisdiction), *aff'd*, 610 F. App'x 95 (3d Cir. 2015); *Drexel Univ. v. Obado*, No. 13-3052, 2013 WL 2480317, at *1–3 (D.N.J. June 10, 2013) (granting the *in forma pauperis* application of the *pro se* removing defendant, and *sua sponte* remanding the action based upon the *Rooker-Feldman* doctrine), *appeal dismissed*, No. 13-2809 (3d Cir. Aug. 16, 2013); *Howard v. Robinson*, No. 13-206, 2013 WL 776245, at *1–4 (D.N.J. Feb. 27, 2013) (granting the *in forma pauperis* application of the *pro se* removing defendant, and *sua sponte* remanding the action for lack of subject-matter jurisdiction and based upon the *Rooker-Feldman* doctrine), *appeal dismissed*, No. 13-4058 (3d Cir. Jan. 13, 2014).

**4.** First, Aive Carr did not remove the State Foreclosure Action until after the required thirty-day period for removal had elapsed, since the State Foreclosure Action was brought in 2016 and Aive Carr had been served by 2017. *See* 28 U.S.C. § 1446(b)(1) (providing that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"). In any event, it is apparent that Aive Carr was in receipt of the pleadings for more than 30 days before the State Foreclosure Action was removed, as Aive Carr was able to engage in motion practice in the State Court on April 10, 2018.

**5.** Second, to the extent that the State Foreclosure Action can be deemed to have been removed based upon diversity jurisdiction pursuant to 28 U.S.C. 1332(a), the removal is barred by the forum-defendant rule. Under that rule, a civil action that is otherwise removable on the basis of diversity jurisdiction may not be removed if any defendant is a citizen of the state in which that action has been brought. *See* 28 U.S.C. § 1441(b)(2); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 785 (3d Cir. 1995) (stating "diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"). As noted above, Aive Carr is a New Jersey citizen.

6.   Third, Wells Fargo Bank NA asserted no federal claims in the State Foreclosure Action. It is well-settled law that a federal court cannot exercise subject-matter jurisdiction based upon any federal defenses, federal counterclaims, or federal issues outside of the complaint that are raised by a defendant who seeks to remove a state foreclosure action. *See Ocwen Loan Servicing, LLC v. Guarnieri*, No. 17-484, 2017 WL 924455, at *2–3 (D.N.J. Mar. 8, 2017) (remanding a foreclosure action that had been removed from state court for lack of federal question jurisdiction); *Pennymac Holdings, LLC v. Soriano*, No. 15-841, 2015 WL 5610983, at *1 (D.N.J. Sept. 23, 2015) (holding the same); *Flagstar Bank, FSB v. Culligan*, No. 15-385, 2015 WL 4724879, at *1 (D.N.J. Aug. 10, 2015) (holding the same); *Bank of N.Y. Mellon Corp. v. Fischer*, No. 15-1465, 2015 WL 4569077, at *1–2 (D.N.J. July 28, 2015) (holding the same); *CitiMortgage, Inc. v. Vanstone*, No. 14-4600, 2014 U.S. Dist. LEXIS 100669, at *5 n.2 (D.N.J. July 23, 2014) (holding the same).

7.   To permit federal defenses, federal counterclaims, or potential federal issues to give rise to federal removal jurisdiction "would undermine the clarity and simplicity of [the well-pleaded complaint] rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings." *Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009); *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2002) (holding that a federal defense cannot establish federal jurisdiction, and also "declin[ing] to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule' ").

Indeed, if this Court attempted to exercise subject-matter jurisdiction over the State Foreclosure Action based on the arguments raised by Aive Carr concerning issues under federal law, then the Third Circuit Court of Appeals might issue a rebuke. *See Deutsche Bank Nat'l Trust Co. v. Harding*, 655 F. App'x 113, 114–15 (3d Cir. 2016) (vacating a district court judgment issued in a removed foreclosure action, wherein the district court incorrectly accepted the defendant's arguments that removal was proper based upon the existence of federal counterclaims and because the plaintiff's claims required adjudication of federal law, and directing a remand of the case to state court for lack of subject-matter jurisdiction). "Inasmuch as the complaint in this case is a straightforward state-law foreclosure complaint, it does not provide a basis for federal question jurisdiction and thus this action could not have originally been brought in federal court," and "[c]onsequently, it was not removable under [original jurisdiction]." *Id.* at 115.

8. Fourth, to the extent that Aive Carr may be relying on 28 U.S.C. § 1442 in order to remove the State Foreclosure Action, such reliance is barred because Wells Fargo Bank NA does not allege that Aive Carr was acting under, or acting in relation to, the direction of a federal agency. *See DB50 2011-1 Trust v. Mastoris*, No. 15-5726, 2016 WL 344525, at *4 (D.N.J. Jan. 27, 2016) (remanding a state foreclosure action for lack of subject-matter jurisdiction under Section 1442, even though the removing defendant argued that the interests of federal agencies were implicated).

9. Fifth, to the extent that Aive Carr seeks to avoid the State Foreclosure Judgment, the April 2018 State Order, and the May 2018 State Order, the proper way for

5

Aive Carr to proceed is to seek review through the motion and appellate process of the state courts, and then to seek certiorari directly to the United States Supreme Court. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–16 (1923). This Court is prohibited by the *Rooker-Feldman* doctrine from providing relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the orders, or void the rulings of the State Court in the State Foreclosure Action. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (affirming a district court's dismissal of claims that were brought in connection with a state foreclosure action as being barred by the *Rooker-Feldman* doctrine), *pet. for reh'g & reh'g en banc denied*, No. 17-3267 (3d Cir. Apr. 30, 2018); *Todd v. U.S. Bank Nat'l Ass'n*, 685 F. App'x 103, 105–06 (3d Cir. 2017) (holding the same), *pet. for reh'g & reh'g en banc denied*, Nos. 16-1126 & 16-1255 (3d Cir. May 18, 2017), *cert. denied*, 138 S. Ct. 449 (2017).

**10.** The *Rooker-Feldman* bar "encompass[es] final decisions of lower state courts." *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997); *see Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't*, 973 F.2d 169, 177–78 (3d Cir. 1992) (holding the same). The *Rooker-Feldman* bar also applies to actions that have been removed from state court. *See Thorne v. OneWest Bank, FSB*, No. 15-422, 2015 WL 3903637, at *3 (D.N.J. June 25, 2015) (remanding an action to state court where the removing party sought review of state decisions in a state foreclosure action); *State Farm Indem. v. Fornaro*, 227 F.Supp.2d 229, 241–42 (D.N.J. 2002) (remanding an

action to state court where the removing party sought review of state decisions); *see also Citibank, N.A. v. Swiatkoski*, 395 F.Supp.2d 5, 9–10 (E.D.N.Y. 2005) (remanding an action to state court where a removing party sought to avoid a state court order in a foreclosure action).

**11.** Thus, the State Foreclosure Action is remanded to the State Court. As this Court lacks subject-matter jurisdiction here, the motion to vacate the foreclosure, stay the sale of certain property, and stay an eviction is denied. This Court will enter an appropriate Order.

**12.** In conclusion, this Court notes that Aive Carr should be well-aware from her previous federal litigation that she is barred from attempting to remove the State Foreclosure Action to federal court. *See* Order, *CitiMortgage Inc. v. Carr*, No. 17-2428 (D.N.J. Apr. 24, 2017) (remanding a state foreclosure action removed by, among others, Aive Carr for similar reasons to those addressed herein).

JOSE L. LINARES
Chief Judge, United States District Court

Date: May 14, 2018